UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x  **NOT FOR PUBLICATION**
CHARLIE JIMENEZ,

                  Plaintiff,         **MEMORANDUM AND ORDER**
                                                16-CV-7089 (LDH) (RLM)
       -against-

UNITED STATES OF AMERICA;
METROPOLITAN DETENTION CENTER;
BUREAU OF PRISONS (BOP),

                  Defendants.
----------------------------------------------------------------x
LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Charlie Jimenez, currently incarcerated at the Federal Correctional Institution - Otisville, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims are dismissed. Plaintiff is granted 30 days' leave to file a second amended complaint as set forth below.

## BACKGROUND

      On October 8, 2015, Plaintiff was allegedly hit on the head by a falling pipe in the laundry room at the Metropolitan Detention Center because correction officers had allowed other inmates to use the pipes "as a pull up bar." (*See* Am. Compl. at 4.)[1] Plaintiff states that he has pain in his head, neck, and lower back, and also suffers from "dizziness, headaches, depression, sleepless nights, blurry vision, lost [sic] of appetite, sensitivity to light, forgetfulness, [and] mental anguish." (*Id.*) Plaintiff further alleges that he "received inadequate medical care." (*Id.*) Plaintiff seeks "money damages and proper medical treatment." (*Id.* at 5.)

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

**STANDARD OF REVIEW**

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

**DISCUSSION**

**I.** ***Bivens* Claims**

Plaintiff complains that his rights were violated by persons acting under color of federal law. As such, the Court construes those claims as being brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officers who

violate a citizen's constitutional rights. *See id.* at 389. A *Bivens* action is the federal analog to an action against a state actor under 42 U.S.C. § 1983, though the two types of cases are not entirely parallel. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (noting that a *Bivens* action is the federal analog to claims against state actors brought under § 1983); *Tyler v. Dunne*, No. 16-cv-2980, 2016 WL 4186971, at *2 (E.D.N.Y. Aug. 8, 2016) (determining that § 1983 claims against federal actors should be characterized as *Bivens* claims).

Here, Plaintiff brings his claims against three Defendants: the United States, the Bureau of Prisons, and the MDC. As a threshold matter, suits against these Defendants, as well as officers in their official capacities, are barred under the doctrine of sovereign immunity. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (stating that sovereign immunity shields the Federal Government and its agencies from suit); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies thereof. *See Fed. Deposit Ins. Corp*, 510 U.S. at 475 (noting requirement of waiver). It is the plaintiff's burden to demonstrate that sovereign immunity has been waived. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (plaintiff must "establish[] that her claims fall within an applicable waiver"). Here, Plaintiff has failed to demonstrate the requisite waiver of sovereign immunity by the United States. Accordingly, Plaintiff's *Bivens* claims are barred.

Further, even if the doctrine of sovereign immunity did not bar Plaintiff's *Bivens* claims, they would be dismissed because Plaintiff has not alleged Defendants' personal involvement in the alleged violation of his rights. A *Bivens* action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the alleged constitutional violation. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Because vicarious liability is inapplicable to

*Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Here, the Court cannot discern the constitutional rights that Plaintiff alleges were violated. Further, Plaintiff does not allege any personal involvement or name any individual federal officials as a Defendant. Thus, his *Bivens* claims against the United States, the Bureau of Prisons and the Metropolitan Detention Center are dismissed.

## II. Federal Tort Claims Act

Notwithstanding the above, Plaintiff may have a claim against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA provides for a suit for damages for injury or loss of property "resulting from the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The United States has waived its sovereign immunity for these certain classes of tort actions and is the only proper defendant. 28 U.S.C. §§ 2679, 1346(b)(1). This waiver is contingent, however, on the plaintiff having previously presented his or her claim to the appropriate federal agency and on that agency's having denied the claim. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . [u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent to him by certified or registered mail.").[2] This exhaustion requirement is

---

[2] The FTCA further provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of

jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11-cv-1106, 2012 WL 294518, at *8 (E.D.N.Y. Jan. 31, 2012). Here, Plaintiff's references "Administrative Claim Number TRT-NER-2016.01413" in his original one-page complaint, but it is unclear as to what claim it refers or whether Plaintiff received a final agency decision. (*See* Compl. at 1, ECF No. 1.) This claim is therefore dismissed.

## CONCLUSION

Plaintiff's *Bivens* claims against the United States, Bureau of Prisons, and the Metropolitan Detention Center are dismissed. 28 U.S.C. § 1915A. Plaintiff is granted 30 days' leave from the date of this Order to file a second amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).

Plaintiff should provide facts that demonstrate that he satisfies the elements of an FTCA claim against the United States. It may be helpful for Plaintiff to append any documents concerning his administrative claim to the second amended complaint. Plaintiff must also identify each individual Defendant in both the caption and the body of the second amended complaint, and name as proper Defendants those individuals who have some personal involvement in the actions he alleges occurred. Plaintiff must set forth factual allegations that are personal to him to support his claims against all individually named Defendants. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe

---

mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

or Jane Doe along with their titles (for example, Police Officer John Doe or Correction Officer Jane Doe). To the best of his ability, Plaintiff should describe each individual and the role he or she played in the alleged deprivation of Plaintiff's rights. Plaintiff should also provide the dates and locations for each relevant event.

Plaintiff is advised that any second amended complaint he files will completely replace his original and amended complaints. Plaintiff's second amended complaint must be captioned as "SECOND AMENDED COMPLAINT" and bear the same docket number as this Order. All further proceedings shall be stayed for 30 days for Plaintiff to comply with this Order. If Plaintiff fails to comply with this Order in the time allowed, a judgment shall be entered closing this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

   /s/ LDH
   LaSHANN DeARCY HALL
   United States District Judge

Dated: Brooklyn, New York
       June 19, 2017